Miles Woodlief (SBN124467)
Archer™
775 East Blithedale Avenue
Suite 514
Mill Valley, California
phone: (415) 730-3032
facsimile:(415) 366-2956
Attorney for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(Oakland Division)

| | |
|---|---|
| In Re:<br><br>William and Julie Romanowski,<br><br>    Debtors<br><br><br>    Debtor | Chapter 11<br>Case No.: 4:24-bk-40726<br><br>DEBTORS-IN-POSSESSION'S OPPOSITION TO UNITED STATES' MOTION FOR RELIEF FROM STAY<br><br>Hearing Date: July 26, 2024, at 10:00 am<br>Place: Courtroom 215, 1300 Clay Street, Suite 300, Oakland, CA 94612<br><br>Judge: Judge Charles Novack |

Debtors and Debtors-in-Possession William and Julie Romanowski (together "Debtors") submit the following in opposition to the United States' Motion on behalf of the Internal Revenue Service ("IRS") for Relief From Stay ("Motion").

**PRELIMINARY STATEMENT**

The IRS seeks relief from the stay to pursue its claim in the District Court, where no substantive proceedings have yet taken place. However, the underlying issue in the case against Debtors is the existence, nature, and extent of their debt, if any, to the IRS and the allowance or disallowance of such claim against Debtors'' estate. Indeed, to that end, the IRS filed a proof of claim in this case on May 28, 2024 in a secured amount of $13,956,352.89 and an unsecured

- 1 -

amount of $113,632.65.  Further related to its claim, the IRS has collected payments from Debtors that they will seek to recover as preferential or fraudulent transfers under 11 U.S.C. §§547(b) or 11 U.S.C § 548(a).

Each of those issues are squarely core proceedings under the Bankruptcy Code.  *See* 28 U.S.C. §157(b)(1), (b)(2)(A), (B), (E), (F), (H), & (K).

The IRS' Motion must be denied.

## STATEMENT OF FACTS

**The IRS Claim**

The IRS asserts that Debtors owe taxes arising from unpaid tax debt dating back several years, identified by the IRS as tax years 1998-2004 and 2007.  *Motion*, p. 2, l. 21-24; Duffy Declaration, Ex. 6 ¶¶30, 33.  In connection with that claim, the IRS asserts that it has an ongoing lien against Debtors' property, making it a secured creditor.

Debtors dispute the IRS' claims.

In connection with its claim, the IRS has taken unjustified, unauthorized, and preferential collection efforts against Debtors.  Therefore, in addition to disputing the claim, Debtors will seek to recover all payments received by the IRS after July 28, 2023.

Unrelated to this case, the IRS asserts the right to collect that claim from an entity founded by Debtors, Nutrition 53, Inc. ("N53") on an alter ego theory, which is a debtor in a separate case before this Court (*In re Nutrition 53*, USDC ND Cal. Case No. 4:23-bk-40997). Those claims against N53 have no bearing on and are unrelated to this matter.

**Debtors' Objections to Those Claims**

**Debtors assert that the Tax Assessment Against them has Expired Except as to a $140,000 Tax Debt**

The Collection Statute Expiration Date ("CSED") as to Debtors was July 28, 2023 for all

but approximately $140,000 of their tax debt. That expired debt may not be collected from Debtors. Therefore, there is an issue as to the validity of the IRS' claim and as to the actual amount of that claim. That is a core proceeding within the jurisdiction of the Bankruptcy Court. *See* 28 U.S.C. §157(b)(2)(B).

### Debtors Assert that the Debt Subject to the IRS Lien is not Greater than $140,000

The Collection Statute Expiration Date ("CSED") as to Debtors was July 28, 2023 for all but approximately $140,000 of their tax debt. Therefore, the lien, to the extent the IRS has a valid lien at all, is limited to the remaining asserted tax debt of $140,000. Therefore, there is an issue as to the validity and extent of the IRS' lien. That is a core proceeding within the jurisdiction of the Bankruptcy Court. *See* 28 U.S.C. §157(b)(2)(K)

### Debtors assert that there are no Assets Against Which to Assert a Lien, Rendering the Claim Unsecured

Even if there is a valid claim in an undetermined amount, Debtors aver that they have no assets against which to assert such a lien. Therefore, there is an issue as to the extent of the IRS' lien. That is a core proceeding within the jurisdiction of the Bankruptcy Court. *See* 28 U.S.C. §157(b)(2)(K); see also 11 U.S.C. §506(a), 11 U.S.C. §1322(b)(2), *In re Lam* 211 B.R. 36, 38 (9th Cir. BAP 1997).

### Debtors assert that the IRS Received Preferential or Fraudulent, or both, Payment from Debtors

Even if there is a valid claim in an undetermined amount, to the extent the IRS collected more than that amount within the year of this bankruptcy filing, those collections are avoidable under 11 U.S.C. §§547(b) or 11 U.S.C. § 548(a), or both. That is a core proceeding within the jurisdiction of the Bankruptcy Court. (*See* 28 U.S.C. §157(b)(2)(F) & (H).)

# LEGAL ARGUMENT

"Bankruptcy court jurisdiction derives from 28 U.S.C. §§ 1334 and 157. *Kim v. Young Jin Yoon (In re Young Jin Yoon)*, 627 B.R. 905, 915 (Bankr. C.D. Cal. 2021).

"Core" proceedings are matters "arising under" and "arising in" cases under title 11. *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987). Matters "arise under" title 11 if they involve a cause of action created or determined by a statutory provision of title 11. (*Id.*) Bankruptcy judges may hear and determine core proceedings and enter final orders and judgments. 28 U.S.C. § 157(b)(1). *Kim v. Young Jin Yoon (In re Young Jin Yoon)*, 627 B.R. 905, 915 (Bankr. C.D. Cal. 2021).

The IRS filed its proof of claim against Debtors for a past due tax debt on May 28, 2024 asserted its claims against Debtors. That is the sum and substance of the IRS claim.

Courts have long recognized that the filing of a proof of claim "invokes the special rules of bankruptcy," and that "a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy." *Wood v. Wood,* 825 F.2d 90, 97 (5th Cir. 1987).

All that exists here is an issue surrounding the nature, kind, and extent of the IRS' claim against Debtor. That is a core proceeding in this bankruptcy and shall be adjudicated in due course. *11 U.S.C. §1334*. Allowance or disallowance of claims against the estate is a core proceeding. *See U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re U.S. Abatement Corp.)*, 79 F.3d 393 (5th Cir. 1996) (dispute over amount of creditor's claim is core proceeding); *In re Trident Shipworks, Inc.*, 247 B.R. 513 (Bankr. M.D. Fla. 2000) (claim estimation proceeding).

Therefore, all that exists here is an issue surrounding the nature, kind, and extent of the IRS' claim against Debtor. That is a core proceeding in this bankruptcy and should be adjudicated *by this Court* in due course. (*11 U.S.C. §502(a)*.)

Allowance or disallowance of claims against the estate is a core proceeding. *See U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc.* (In re U.S. Abatement Corp.), 79 F.3d 393 (5th Cir. 1996) (dispute over amount of creditor's claim is core proceeding); *In re Trident Shipworks, Inc.*, 247 B.R. 513 (Bankr. M.D. Fla. 2000) (claim estimation proceeding).

Further, 11 U.S.C. Section 502(a) makes clear that determination of the validity and extent of a claim or the security related to that claim is a core proceeding.

> **(a)** A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects. **(b)** . . . if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that - **(1)** such claim is unenforceable against Debtors and property of Debtors . . . **(3)** if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property . . .

11 U.S.C. § 502

**Under 11 U.S.C §544(a), the IRS Lien is not Enforceable Against Debtor**

The IRS lien is not enforceable against Debtor and may be avoided under 11 U.S.C. §544 and 26 U.S.C §6323(a), (h)(6). Debtors-in-possession stands "in the same idealized shoes as the trustee, and his status as hypothetical lien creditor remains unaffected by any alleged wrongful acts of Debtors." *In re Wiggs*, 87 B.R. 57, 58 (Bankr. S.D. Ill. 1988); *In re International Gold Bullion Exchange, Inc.,* 53 B.R. 660 (Bankr. S.D. Fla. 1985).

The validity of federal tax liens is governed by the Internal Revenue Code. *See 26 U.S.C. § 6323; United States v. Z Inv. Props., LLC*, 921 F.3d 696, 700 (7th Cir. 2019). "In instances

where a *bona fide* purchaser acquires an encumbered property without notice of the attached lien, the lien does not follow the title. 26 U.S.C. § 6323(a); *Id*. at 700.

In general, the transfer of property subsequent to the attachment of the lien does not affect the lien, but an exception to this rule prevents enforcement of a lien against a "purchaser," defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest" in the relevant property without notice. *26 U.S.C. §§ 6323(a), (h)(6); see also United States v. Z Inv. Props., LLC*, No. 17-cv-4405, at *11 (N.D. Ill. Apr. 2, 2018)

Debtors stands in the possession of that "purchaser" under §544. 11 U.S.C §1107(a).

The IRS' errant lien is not enforceable against Debtors.

**The IRS' Tax Assessment Against the Taxpayer has Expired – The IRS has no Standing to Assert its Motion**

The IRS assessment against Debtors expired on July 28, 2023. That expiration is utterly unaffected by the IRS lawsuit filed on June 20, 2023. That filing does not extend the assessment period or the related collection period.

The IRS asserts a lien under 26 U.S.C. 6321 & 6322. No lien exists. Such lien arises only upon a taxpayers' refuses or neglects to pay his or her taxes. *26 U.S.C. 6321*. Debtors have an all times been ready, willing, and able to pay their taxes and at all times were operating under a payment plan to do so. While the IRS may have stopped collecting those payments, Debtors have never refused to make those payments. There is a payment plan in place, whether the ITS acts on its provisions or not. As §6321 only arising upon taxpayer refusal or neglect, it is inapplicable to this case.

Further, even if such a lien existed, 26 U.S.C. §§6322, 6325(a)(1), and 6502(a) provide that a lien must be released when it becomes legally unenforceable. Under IRM 5.12.3.3.2(1), "The term "unenforceable" means unenforceable as a matter of law and not merely

- 6 -
Case: 24-40726    Doc# 69    Filed: 07/19/24    Entered: 07/19/24 15:10:02    Page 6 of 9

uncollectible. Most commonly, "unenforceable" pertains to the passing of the Collection Statute Expiration Date (CSED)." The CSED was July 28, 2023.

> Section 6502(a) provides that a timely collection proceeding will extend "the period during which such tax may be collected" until the tax "is satisfied or becomes unenforceable." . . . §6502 explicitly provides that, even if the Government tolls a lien by commencing a collection action, that lien will still expire when "the liability for the tax ... becomes unenforceable," 26 U.S.C. § 6502(a).

*United States v. Norwood*, 49 F.4th 189, 212-13 (3d Cir. 2022). That lien "becomes unenforceable" when the assessment period expires. *Id.; 26 U.S.C. §§6322, 6325(a)(1)*, and *6502(a); IRM 5.12.3.3.2*.(1).

**Based on the Foregoing, the IRS Collections are Avoidable Transfers**

Preferential or fraudulent transfers may be recovered under 11 U.S.C. §§547(b) or 11 U.S.C § 548(a). If Debtors demonstrate that the IRS claim is invalid, unsecured, or otherwise not as claimed, the transfers to the IRS are or may be avoidable. Those causes of action are core proceedings. *See* 28 U.S.C. §157(b)(2)(F) & (H).

### CONCLUSION

For the foregoing reasons, the IRS' Motion must be denied. It has no standing to brings its Motion. At best, it has an unproven, unadjudicated, unliquidated, disputed claim that must be adjudicated before this Court as a Core Proceeding. It has no right to a dismissal, a trustee, or relief from the automatic stay.

Dated: July 19, 2024          By: _____
                                   Miles Archer Woodlief
                                   Attorney at Law
                                   775 East Blithedale Ave., #514
                                   Mill Valley, CA 94941
                                   phone: (415) 730-3032
                                   facsimile:(415) 366-2956

PROOF OF SERVICE

I, Miles Archer Woodlief, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. I maintain an office at 775 East Blithedale Avenue, Suite 514, Mill Valley, CA 94941, which is located in the county where the mailing described below took place.

I hereby certify that on July 19, 2024, I electronically filed Debtors' Opposition to the United States' Motion for Relief from Stay, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties entitled to it.

I further certify that on July 19, 2024, I caused to be sent by regular, U.S. mail copies of the documents described above to those listed on the attached creditor matrix.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 19, 2024.

_____
Miles Archer Woodlief

Label Matrix for local noticing
0971-4
Case 24-40726
California Northern Bankruptcy Court
Oakland
Tue Jun 25 09:33:32 PDT 2024

AT&T
P.O. Box 6416
Carol Stream, IL 60197-6416

Lexus Financial
P.O. Box 4102
Carl Stream, IL 60197-4102



AM Eagle FCU
333 West River Dr.
East Hartford, CT 06108

Cal Franchise Tax Board
PO Box 942867
Sacramento, CA 94267-0001

California Tax Board
P.O. Box 942867
Sacramento, CA 94267-0001

FMS Inc.
P.O. Box 707600
Tulsa, OK 74170-7600

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
P.O. Box 942867
Sacramento, CA 94267-0001

IRS
301 N. Los Angeles Street
MS 5021
Los Angeles, CA 90012

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Linebarger Groggan
P.O. Box 659
San Antonio, TX 78293-0659

Linebarger Groggan Blair LLP
P.O. Box 910128
San Diego, CA 92191-0128

Med Data Systems
755 West Nasa Blvd
Melbourne, FL 32901-1815

Office of the U.S. Trustee/Oak
Office of the United States Trust
Phillip J. Burton Federal Buildin
450 Golden Gate Ave. 5th Fl., #05
San Francisco, CA 94102-3661

Rash Curtis
P.O. Box 5790
Vacaville, CA 95696-5790

Remsa Care Flight
450 Edison Way
Reno, NV 89502-4117

Reno Orthopedic Center
555 N Arlington
Reno NV 89503-4724

Reno Radiology Assoc
3075 E Imperial Hwy Ste 200
Brea, CA 92821-6753

Renown Health
P.O. Box 4072
Alameda, CA 94501-0401

(p)U S  ATTORNEY'S OFFICE  NORTHE
450 GOLDEN GATE AVENUE
9TH FLOOR
SAN FRANCISCO CA 94102-3419

Wells Fargo Card Services
P.O. Box 51193
Los Angeles, CA 90051-5493

Western Mass Credit Group
2040 Boston Rd Ste 14
Wilbraham, MA 01095-1380

Case: 24-40726    Doc# 69    Filed: 07/19/24    Entered: 07/19/24 15:10:02    Page 9 of 9